No. 1452.   Off & Co. v. Givens.   This was an application made by Charles J. Off & Co., at the February term, 1885, of the Knox Circuit Court, to amend and correct the record of a judgment of said court rendered at the October term, 1883, so that said record should show and record a judgment in their favor of $153.29 against D. F. Givens, instead of a judgment in their favor for that amount against W. D. Lomax.   Even if this court could properly review the action of the circuit court in the absence of a bill of exceptions incorporating the evidence, and pass upon the matter at issue from the record that is before it, the court would feel compelled to say that it does not appear definitely and with reasonable certainty that Givens was a party to the trial; that the jury returned a verdict against him, and that as a matter of fact the judgment rendered by the court was against him.   The court would not, upon that record, feel authorized to direct that he should be substituted in place of Lomax, as the party against whom the judgment was in fact entered.   The order of the court overruling the motion to amend is affirmed.   Opinion by BAKER, J.   Judge below, A. A. SMITH.   Attorneys, for appellant, Mr. FREDERICK A. WILLOUGHBY; for appellee, Messrs. WILLIAMS, LAWRENCE & BANCROFT.   Opinion filed June 8, 1886.

No. 1442.   Parker v. Allen.   The appellee sued the appellant in assumpsit on two promissory notes, one for $100 and one for $650.   Pleas of the general issue and plea that appellant did not execute the notes sworn to were interposed.   The appellant was a married woman at the time the notes were given and her name was signed to them by her husband, whose authority to do this either express or implied, she denied.   It does not appear from the evidence that her husband was in her employ carrying on her farm on her account, but on his own, hence no implied authority could be held to exist to sign the notes as a general agent.   The evidence to show her actual authority to him to execute them is very weak.   In the condition of the evidence the instructions for appellee were erroneous in the manner of submitting the question of implied authority.   But the appellant expressed a willingness on the witness stand to pay the $100 note.   Recovery should have been had on that note at all events, but it was had on both

notes, which was error. As appellee has filed no brief, the judgment is reversed and cause remanded under rule 27 of this court. Opinion PER CURIAM. Judge below, F. M. SHAW. Attorney for appellant, Mr. H. GUNN. Opinion filed June 8, 1886.

No. 1430. C. & A. R. R. Co. v. Schweitzer. Two points are made on this appeal, to wit : a defective declaration and that the damages are excessive. The defect, claimed, in the declaration, is the omission to state the day on which the fire causing the injury to appellee occurre . There was no demurrer to the declaration. The general issue was pleaded. The proof shows the fire occurred on the 17th day of December, 1883. No objection was made to the admission of the evidence. No instructions were asked or given. Motion for a new trial did not assign as a reason therefor any defect in the declaration. No motion was made in arrest of judgment. It is now too late to raise that question in this court: Webb et al. v. Alton Marine and Fire Ins. Co., 5 Gil. 225 ; Vasey v. Board of Trustees, 59 Ill. 190 ; Ladd v. Pigot, North Eastern Reporter, Vol. 2, No. 5, 505 ; Barnes v. Brookman, 107 Ill. 317 ; 1st Chitty Pleadings, 14th Am. Ed. 673 ; Lake Shore and Michigan Southern R. R. Co. v. O'Connor, filed in the Supreme Court at Ottawa, Nov. 1885, reported in Legal News, Dec. 5, 1885. "The law having intrusted the trial of fact to a jury the verdict will not be disturbed unless it is manifestly against the weight of the evidence, or unless necessary to prevent a plain perversion of justice." Chicago and N. W. Ry. Co. v. Ryan, 70 Ill. 211; Chicago and Rock Island R. R. Co. v. Hutchins, 34 Ill. 108 ; Chicago, Alton and St Louis R. R. Co. v. Stover, 63 Ill. 358 ; Howitt v. Estelle, 92 Ill. 218. Although the court might not have reached the same conclusion as that reached by the jury, and might have been better satisfied if the damages had been less, still their finding is sufficiently supported by the evidence as not to authorize the court in setting it aside. Judgment affirmed. Opinion by WELCH, J. Judge below, GEORGE W. STIPP. Attorneys, for appellants, Messrs. HOUSE & FRY; for appellee, Mr. C. W. BROWN. Opinion filed June 8, 1886.

No. 1459. McKinlay v. C., B. & Q. R. R. Co. This was a suit brought by the appellant against the appellee, for the